[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Action for money damages arising out of a default in the monthly payments in a lease agreement (hereinafter the Lease) entered into between the plaintiff Emlee Equipment Leasing Corporation (hereinafter Emlee) as lessor and Waterbury Transmission, Inc. (hereinafter the Company) as lessee. The Lease was signed by the defendant Marvin Mann thereinafter Mann) president and sole stockholder of the company from 1981 to 1990. Mann is a personal guarantor of the Lease.
Emlee contacted Mann in March of 1984 after Mann had on March 5, 1984 entered into a contract to purchase a pipe bender from the distributor Custom Muffler Specialist, Inc. (hereinafter Custom) for the sum of $15,980. As part of said contract, the defendants paid to Custom a deposit of $1,500.00. Thereafter the Company received correspondence from Emlee regarding leasing the pipe bender. Negotiations took place between Mann and Emlee regarding the advantages of leasing. The defendant Mann decided that leasing was the better way to go than to pay the balance due of $14,388.00 for the purchase of the pipe bender. Accordingly, on March 22, 1984 the plaintiff, Emlee, forwarded all necessary documents to be executed by Mann who executed the Lease on April 24, 1984 with the personal guarantee which was accepted on May 3, 1984. Thereafter the equipment was shipped to the Company.
By the terms of the lease the Lessee was required to pay the total rental amount of $23,880 in 60 equal monthly installments of $398.00. The lessee paid a deposit with the lease of $1,592.00 which represented the first month installment and the last three months installments. All installments were required to be paid Citibank. Emlee borrowed $14,388 from Citibank to pay for balance due for the pipe bender.
The plaintiff testified because of its arrangement to pay the CT Page 136 bank at the rate of 14%, Emlee only received a cash flow of $52.98 per month. The defendants had no dealings with Citibank nor were the terms and conditions of the arrangements by Emlee and Citibank recited in the Lease
The lease required a total of sixty monthly payments including the four payments represented by the deposit on the lease. The lessee made several additional payments but failed to make payments due beginning January, 1985. On June 17, 1985 the lessee issued a check to cover the lease payments due January, February and March, 1985 in the amount of $1,194.00. This check was dishonored and the lessee has not tendered any further payments. The plaintiff now claims that there is due forty-nine payments under the lease.
The amounts claimed pursuant to the default by the plaintiff are the following $19,502.00 (49 payments) plus interest of 10% from the date of the default, July 1985, which amounts to $12,187.50 plus attorney fees of $5,850, for a total of $37,539.00.
The defendants deny liability on three grounds essentially: first that the clause pertaining to the remedies under paragraph nine of the lease is unconscionable when read in context with the other provisions of the lease particularly paragraph four which excludes any warranties as to merchantability and paragraph fifteen pertaining to cancellation.
Emlee testified that the Lessor had nothing to do with the equipment because specifically under paragraph 4 it provides "Lessor makes no express or implied warranties including those of merchantability or fitness for a particular use with respect to the equipment and hereby disclaims same."
The defendants notwithstanding the provisions of paragraph 9 could have enforced their rights under the sales agreement with Custom.
As discussed earlier, the essential defense in this case is that the court cannot enforce the Lease because paragraph nine[1]
"Remedies" is unconscionable.
The defendants in this case rely on Connecticut General Statutes Section 42-2-302, which provides in pertinent part:
 "(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract or it may CT Page 137 enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause to avoid any unconscionable result."
Under Paragraph 15 of the Lease it cannot be cancelled or terminated except as expressly provided. In Paragraph 9 the Lessor upon notice has an absolute right of termination.
A close scrutiny of Paragraph 9 provides that at the sole discretion the lessor may do any one or more of the following as liquidated damages plus interest at 10% from the date to the actual date of payment plus legal fees and costs. The 60 payment provision by these terms becomes accelerated in the full amount together with 10% added. Such a clause is punitive and cannot be construed otherwise by stating it is not a penalty. In addition to the above rights of the lessor under the remedies clause the lessor is given not alternatives but additional broad rights.
Under Connecticut General Statutes Section 42a-2-718 as well as under New York law a term fixing unreasonably large liquidated damages is void as a penalty. Sunbeam Farms Inc. v. Troche,442 N.Y.S.2d 842, 846, (1981).
In Hertz Commercial Leasing Corporation v. Dynatron Inc.,37 Conn. Sup. 7 the court concluded that the terms of the lease were unconscionable and refused to enforce the contract. The defendant in that case relied on Fairfield Lease Corporation, 6 Conn. Cir. Ct. 537. Both cases are now relied upon by the defendants in this case.
Parties to a contract may expressly select the choice of law which governs a contract. Fairfield, id., p. 538.
In this case, the lease is governed by the law of the State of Connecticut because the defenses relied upon is similarly construed by New York law. See United States Leasing Apartment Inc. v. Franklin Plaza Apartments Inc., 319 N.Y.S.2d 531, 535.
In addition to the defense of unconscionability of paragraph nine, the lease requires the Lessor to pay and maintain insurance, paragraph 12; paragraph 6 requires lessee to pay all taxes; and as discussed, paragraph 15 does not allow any cancellation for any reason and makes all sums due absolute and unconditional.
The cumulative effect of all the provisions of this lease is unconscionable and in accordance with Connecticut General Statutes Section 42-2-302 unenforceable. Fairfield Lease supra 541. CT Page 138
Accordingly, judgment may enter in favor of the defendants.
FRANK S. MEADOW, J.